IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 03-87 |
| | ) | Civil No. 08-1502 |
| JOHN I. BRONSON, JR. | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION

CONTI, District Judge.

Pending before the court is a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 ("petitioner's motion to vacate" or "§ 2255 petition") (Doc. No. 108) filed by petitioner John I. Bronson ("petitioner"). Also pending is petitioner's motion for reconsideration for an extension of time to file a § 2255 petition ("petitioner's motion for reconsideration") (Doc. No. 110), and petitioner's motion to amend and supplement pleading ("petitioner's motion to amend") (Doc. No. 117). Upon reviewing petitioner's motion for an extension of time to file a § 2255 petition (Doc. No. 105), petitioner's motion to vacate, petitioner's motion for reconsideration, the government's response to petitioner's motion to vacate (Doc. No. 115), petitioner's traverse (Doc. No. 116), petitioner's motion to amend, the government's response to petitioner's motion to amend (Doc. No. 119), and petitioner's response to the government's response (Doc. No. 120), the court will deny petitioner's motions.

## I. Background

On March 5, 2003, a federal grand jury returned a five-count indictment charging petitioner with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (count one), conspiracy to distribute and possess with intent to distribute a quantity of oxycodone (count two), and possession with intent to distribute oxycodone (counts three-five), in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On April 28, 2003, petitioner filed a motion to suppress his statements, both verbal statements and signed statements acknowledging his criminal conduct, made to the police during his initial arrest. (Doc. No. 13.) Petitioner offered evidence that he was intoxicated as support for his motion to suppress. After a hearing, the motion to suppress was denied by this court on February 20, 2004. (Doc. No. 43.) On March 3, 2004, petitioner entered a plea of guilty to counts one and three of the indictment. (Doc. No. 46.) As a result of entering a plea of guilty, petitioner was entitled to a three-point reduction in the calculation of his offense level under the United Stated Sentencing Guidelines. Petitioner also stipulated to the amount of controlled substances involved in the case, and reserved the right to challenge this court's order denying his motion to suppress his statements. On July 30, 2004, this court sentenced petitioner to a term of imprisonment of 151 months to be followed by a five-year term of supervised release. (Doc. No. 55.) Petitioner appealed to the Court of Appeals for the Third Circuit which affirmed the conviction, but vacated the sentence and remanded the case for resentencing in view of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Doc. No. 66.)

On remand, this court sentenced petitioner to a term of imprisonment of 135 months, to be followed by a five-year term of supervised release. On March 23, 2006, petitioner appealed and on August 28, 2007, the Court of Appeals for the Third Circuit affirmed the sentence.

United States v. Bronson, 238 F. App'x 893 (3d Cir. 2007). Petitioner appealed to the Supreme Court, but, on October 9, 2007, was denied a writ of certiorari. United States v. Bronson, 128 U.S. 428 (2007).

On October 8, 2008, petitioner presented a motion for an extension of time to file a § 2255 petition to prison officials. Petitioner's motion was filed by the clerk of court for the Western District of Pennsylvania on October 15, 2008. (Doc. No. 105.) In the motion for an extension, petitioner argued that the court should grant him additional time to file a § 2255 petition because of circumstances beyond his control that deprived him of legal materials. On October 21, 2008, the court denied his motion because it lacked jurisdiction to consider the timeliness of the § 2255 petition. The court noted that petitioner must file an actual petition in order for the court to rule upon its timeliness. (Doc. No. 106.)

After the court issued its October 21, 2008 order, petitioner drafted a motion to vacate, set aside, or correct sentence by a person in federal custody, pursuant to 28 U.S.C. § 2255. Granting petitioner the benefit of the doubt, the court will assume prison officials received petitioner's motion on October 21, 2008, the date the motion was signed by petitioner. On October 27, 2008, petitioner's § 2255 petition was filed by the clerk of court for the Western District of Pennsylvania. (Doc. No. 108.) In his § 2255 motion, petitioner alleges ineffective assistance of counsel based upon the following grounds: (1) counsel's advice that he would prevail on his suppression motion on appeal if he pled guilty, (2) counsel's ineffective argument with respect to the suppression motion both at the hearing and on appeal, and (3) counsel's ineffective presentation of expert witness testimony. Also on October 27, 2008, petitioner filed an affidavit in support of his § 2255 motion to vacate sentence. (Doc. No. 109.)

On October 30, 2008, petitioner filed a motion for reconsideration of his motion for an extension of time in light of the § 2255 motion filed on October 27, 2008. (Doc. No. 110.) Petitioner elaborated upon the grounds that he believed entitled him to an extension, stating that he was denied adequate access to the law library and that he suffered a sinus infection. On December 10, 2008, the government filed its response in opposition to petitioner's motion to vacate. (Doc. No. 115.) In response, petitioner filed a traverse on January 12, 2009. (Doc. No. 116.) Petitioner also filed a motion to amend and supplement pleading on January 26, 2009. (Doc. No. 117.) In his motion to amend, petitioner argued that his due process rights had been violated during the interrogation following his arrest. On February 20, 2009, the government filed a response to petitioner's motion to amend. (Doc. No. 119.) On March 16, 2009, petitioner filed a response to the government's response to his motion to amend. (Doc. No. 120.)

## II. Standard of Review

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion and files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

maximum authorized by law, or is otherwise subject to collateral attack." The Supreme Court recognizes that the statute provides four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

3 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 593 at 695 (3d ed. 2004) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

### III. Analysis

In petitioner's motion to vacate, he argues that he is entitled to post-judgment relief under 28 U.S.C. § 2255 based upon ineffective assistance of counsel. Petitioner argues counsel was ineffective for the following reasons: (1) counsel's advice that he would prevail on his suppression motion on appeal if he pled guilty, (2) counsel's ineffective argument with respect to the suppression motion both at the hearing and on appeal, and (3) counsel's ineffective presentation of expert witness testimony. The court, however, may not consider the merits of petitioner's motion to vacate because the claims are not timely raised. For that reason, petitioner's motion to amend is rendered moot.

**A. One-Year Statute of Limitations**

Section 2255 motions are subject to a one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-66. See

Lloyd v. United States, 407 F.3d 608, 611 (3d Cir. 2005). The AEDPA states that the limitation period shall run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner filed a petition for writ of certiorari, which was denied on October 9, 2007. Petitioner's conviction became final on that date. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (holding that a judgment becomes final within the meaning of § 2255 on the day the Supreme Court affirms the conviction on the merits or denies writ of certiorari). Pursuant to AEDPA's statute of limitations, petitioner had one year from that date to file a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Id.

As set forth in the court's October 21, 2008 order, the court did not have jurisdiction to consider the timeliness of the October 8, 2008 motion until a § 2255 petition was filed, because there was no case or controversy before the court at that time. The court has the authority to consider a motion for an extension of time as a § 2255 motion, but only if the petitioner articulated grounds for habeas corpus relief. See Green v. United States, 260 F. 3d 78, 82 (2d Cir. 2001). Here, petitioner's motion for an extension of time merely stated that he intended to

file a § 2255 motion without articulating any basis upon which to grant relief. Accordingly, the court denied the motion for an extension and explained petitioner must file an actual § 2255 motion stating his grounds for relief.

Subsequent to the court's order, petitioner presented a motion to vacate, set aside, or correct sentence to prison officials. The court assumes petitioner's § 2255 motion was handed to prison officials for mailing on the date the motion was signed by petitioner, October 21, 2008. This motion was filed by the clerk of court for the Western District of Pennsylvania on October 27, 2008.

Now that a § 2255 motion has been filed articulating grounds for habeas corpus relief, the timeliness of petitioner's motion can be addressed. A § 2255 petition must be filed within the one-year limitation period in order to be deemed timely. United States v. Willaman, No. 04-28, 2009 WL 578556, at *2 (W.D. Pa. Mar. 9, 2009).

In Houston v. Lack, 487 U.S. 266, 270 (1988), the Supreme Court held that a pro se state prisoner's motion was filed at the time it was presented to prison officials for forwarding to the district court. This holding is known as the prison mailbox rule. Fernandez v. Artuz, 402 F.3d 111, 113 (2d Cir. 2005). In Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), the Court of Appeals for the Third Circuit extended the prison mailbox rule of Houston to apply to federal prisoners.

As petitioner had until October 9, 2008, to file his petition for relief and his petition was not signed until October 21, 2008, which would be the earliest date of filing under the prison mailbox rule, his motion cannot be deemed timely under the applicable statute of limitations for § 2255 petitions unless special circumstances, as discussed below, exist.

7

**B. Equitable Tolling**

Although petitioner's § 2255 petition is not timely under AEDPA's statute of limitations, the one-year period under § 2255 is not a jurisdictional bar, and courts may equitably toll the limitation period. Green, 260 F.3d at 82. Petitioner argues he is entitled to an extension of time to file a § 2255 petition that would in effect toll the period.

Shortly after filing a § 2255 petition with the court, petitioner presented a motion for reconsideration of the court's October 21, 2008 order. In his motion for reconsideration, petitioner argued that his § 2255 petition should be considered timely because he (1) lacked total access to the law library at the time his motion was due, and (2) he had a sinus infection.

In Green, 260 F.3d at 83, the Court of Appeals for the Second Circuit established a two-prong test that a petitioner requesting an extension of time to file a § 2255 petition must satisfy before a court may grant the request. A petitioner must (1) request an extension of time upon or after filing an actual § 2255 motion, and (2) demonstrate "rare and exceptional" circumstances that warrant equitable tolling of the limitation period. Id. at 82-83. In Anderson v. Pennsylvania Attorney General, No. 01-4065, 2003 WL 22956022 (3d Cir. Nov. 12, 2003), the Court of Appeals for the Third Circuit held that a district court may grant an extension of time to file an actual § 2255 motion if the petitioner meets both requirements articulated in Green. Id. at *3.

**1. Request for an Extension of Time Upon or After Filing the § 2255 Motion**

Pursuant to the first requirement stated in Green, a petitioner requesting an extension of time to file a § 2255 petition must request an extension upon or after filing the petition. Green, 260 F.3d at 82. Here, petitioner presumably submitted his § 2255 motion to prison officials on October 21, 2008, and it was filed with the clerk of court on October 27, 2008. After filing his § 2255 petition, petitioner filed a motion for reconsideration, in which he requested the court to

8

reconsider his request for additional time to file a § 2255 petition. Petitioner therefore satisfied the first prong of the Green analysis.

**2. Rare and Exceptional Circumstances**

The second prong under Green requires petitioner to demonstrate "rare and exceptional" circumstances that justify equitable tolling of the limitation period. Id. at 82. Equitable tolling is granted in limited situations when "the principles of equity would make the rigid application of a limitation period unfair." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Miller v. N.J. State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998)). A court may grant an extension of time to file a § 2255 motion only if such circumstances exist. Green, 260 F. 3d at 82.

To warrant application of equitable tolling, the petitioner must demonstrate that he acted with "reasonable diligence," but, due to extraordinary circumstances "beyond his control," he was unable to file a timely petition. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The Court of Appeals for the Third Circuit has previously held that the statute of limitations "may be equitably tolled in three circumstances: (1) if the defendant has actively misled the plaintiff, (2) if the plaintiff has, in some extraordinary way, been kept from asserting his rights, or (3) if the plaintiff has timely asserted his rights unwittingly and incorrectly in the wrong forum." Jones, 195 F.3d at 159.

In Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002), the petitioner filed an untimely § 2244 petition alleging ineffective assistance of counsel. The petitioner asked the court to grant equitable tolling of his limitation period because he did not have access to his legal papers and for that reason was unable to file a timely petition. Id. at 141. The court of appeals found that the petitioner had only been denied access to his legal papers for a few weeks during the one-year statute of limitations period. The court stated that petitioner did not exercise diligence in filing

his petition in a timely manner, and the lack of access to legal papers for a few weeks did not warrant equitable tolling of the time period. Id. at 142.

Similarly, in Holmes v. Vaughn, No. 01-2565, 2003 WL 23112383, at *2 (E.D. Pa. Nov. 25, 2003), the petitioner claimed he did not have access to his legal materials for a period of time which prevented him from filing a timely petition, and asked the court to grant equitable tolling. The court found that no extraordinary circumstances existed. Even if the petitioner did not have his legal papers for the period of time that he claimed, he failed to demonstrate that he had in some extraordinary way been prevented from filing a timely "basic *pro se* habeas petition." Id. at *6 (quoting Miller v. N.J. State Dept. of Corrs., 145 F.3d 616, 618 (3d Cir. 1998)).

In his motion for reconsideration, petitioner states that his lack of access to the law library prohibited him from adhering to the one-year statutory deadline. Petitioner claimed that he did not have "total access to the law library at the time his date was due." (Doc. No. 110.) Petitioner's lack of access to the library will not warrant equitable tolling unless the denial of access was over an extended period of time. Petitioner does not set forth the length of time he was denied access and failed to demonstrate that he acted with reasonable diligence. It is not enough that a petitioner be denied access to critical legal information or materials for a discrete period of time within the statute of limitations period; a petitioner must demonstrate some extraordinary circumstances caused his inability to file a timely petition. Miller, 145 F.3d at 618. Petitioner did not allege he lacked access to the law library for a significant period of time within the one-year limitation period. He does not claim that he was denied other opportunities to access legal materials during the one-year statutory period. He filed a motion for an extension of time within the one-year period, but did not file a basic petition within the period. Under these

circumstances, petitioner's conclusory allegations about lack of access to the law library do not warrant equitable tolling of the applicable statute of limitations.

Petitioner also argues that a sinus infection justifies equitably tolling the limitation period. In order to justify equitable tolling, petitioner would have to show that his health problem rendered him incapable of pursuing his legal rights during the relevant time period. See Jean-Louis v. Greiner, No. 02-6326, 2003 WL 1807144, at *3 (S.D.N.Y Apr. 4, 2003).

In Rhodes v. Sendowski, 82 F. Supp. 2d 160 (S.D.N.Y 1999), the petitioner filed a federal habeas corpus petition alleging ineffective assistance of counsel eight years after his last appeal was denied. Petitioner contracted the HIV virus and had been repeatedly hospitalized due to many complications caused by the virus, including depression, weight loss, fungal infections, and kidney failure. Petitioner claimed that he was "mentally and physically incapacitated" and argued that the statute of limitations should be equitably tolled. He specifically claimed that his health problems were at their worst during 1996 through 1998, the period in which his one-year limitation period expired. Id. at 164. The court addressed the issue whether a petitioner's physical and mental illness can toll the AEDPA's statute of limitations period. The District Court for the Southern District of New York stated that petitioner had to prove that his mental and physical condition left him unable to pursue his legal rights during the applicable one-year period, and petitioner did not present evidence that he was unable to pursue his legal rights throughout the entire one-year time span. Id. at 171. Specifically, the court noted that the petitioner had not been hospitalized each day of the one-year limitation period and that he had an earlier opportunity to pursue his legal rights. Id. The court decided that the petitioner had not met his burden, and held that his physical and mental condition did not satisfy the extraordinary circumstances requirement.

11

In <u>Clark v. McKinney</u>, No. 05-CV-5585, 2007 WL 2126273 (E.D.N.Y. July 24, 2007), the District Court for the Eastern District of New York decided a similar issue. The petitioner asserted that his medical problems rendered him unable a file his § 2255 petition before expiration of the one-year limitation period. The court quoted <u>Rhodes</u> and denied equitable tolling, because there was a four-month period in which no medical records indicated the petitioner was infirm, and thus he did not demonstrate diligence in filing the § 2255 petition. <u>Clark</u>, 2007 WL 2126273, at *5 (quoting <u>Rhodes</u>, 82 F. Supp. 2d at 168).

In <u>Bondurant v. United States</u>, No. 2:05CV176, 2006 WL 691320, at *3 (M.D. Ala. Mar. 17, 2006), the District Court for the Middle District of Alabama similarly decided that certain physical ailments were not extraordinary circumstances and did not warrant equitable tolling. The petitioner in <u>Bondurant</u> filed a § 2255 petition after the one-year limitation period and asserted that he suffered from a bacterial infection on his lower leg that resulted from the receipt of incorrect doses of medication. He argued that the medication impaired his judgment and rendered him unable to file a timely petition. The court stated that the petitioner's claim failed to meet the high standard necessary to justify equitable tolling because he did not demonstrate that his physical condition rendered him unable to pursue his legal rights. <u>Bondurant</u>, 2006 WL 691320, at **2-3. The court in <u>Bondurant</u> also cited <u>Rhodes</u>. <u>Bondurant</u>, 2006 WL 691320, at **2-3 (citing <u>Rhodes</u>, 82 F. Supp. 2d at 170).

As these decisions demonstrate, petitioner must prove extraordinary circumstances that left him unable to pursue his legal rights and file a timely § 2255 petition. In <u>Rhodes</u>, the court stated that numerous hospitalizations for infections and maladies would not be sufficient to toll equitably the limitation period if petitioner had an opportunity to assert his legal rights during the one-year limitation period. <u>Rhodes</u>, 82 F. Supp. 2d at 168, 171. In <u>Bondurant</u>, the court stated

12

that certain physical ailments were not sufficient to grant equitable tolling. <u>Bondurant</u>, 2006 WL 691320, at *3. Here petitioner only made conclusory allegations that he had a sinus infection and did not mention any circumstances that would have left him unable to file his § 2255 within a significant portion of the one-year limitation period. Under these circumstances, petitioner's sinus infection does not warrant equitable tolling of the one-year limitation period.

Since petitioner did not raise sufficient reasons to warrant the application of the equitable tolling doctrine, the second prong of <u>Green</u> is not met, and the court denies petitioner's request for an extension of time to file a § 2255 petition. It follows that petitioner's § 2255 petition is untimely and is denied. Because petitioner's § 2255 petition was not timely filed, this court will not reach the merits of petitioner's argument. Petitioner requests that he be permitted to assert an additional ground for relief, but, since the court does not reach the merits, petitioner's motion to amend is denied as moot.

## IV. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, the court must also make a determination as to whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. <u>See</u> 3rd Cir. LAR. 22.2 (2002). Based upon the motion and files and records of the case, the court finds that petitioner has not shown a substantial denial of a constitutional right. Therefore, a COA should not issue.

13

## V. Order

AND NOW, this 25th day of June, 2009, upon consideration of petitioner's motions and the government's responses, IT IS HEREBY ORDERED that (1) petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Doc. No. 109) is DENIED, (2) petitioner's motion for reconsideration is DENIED, and (3) petitioner's motion to amend is DENIED AS MOOT.

IT IS FURTHER ORDERED that no certificate of appealability should issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Counsel of Record

John I. Bronson
Reg. No. 03827-068
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21501